UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  11-23455-CIV-MORENO**

LAURA YELITZA CIFUENTES and MERLE
DE LAS MERCEDES SILVA CASTRO,

       Plaintiffs,

vs.

REGIONS BANK,

       Defendant.

_____/

## <u>ORDER DENYING DEFENDANT'S MOTION TO DISMISS</u>

This case is a suit for rescission damages based on the sale of securities by an unregistered dealer in violation of Fla. Stat. § 517.12(1).  Plaintiffs filed a Second Amended Class Complaint on March 19, 2013. Defendant moved to dismiss the Complaint, arguing five distinct grounds for dismissal: (1) Original Plaintiffs lacked standing and thus could not have amended the Complaint to include current plaintiffs; (2) Current Plaintiffs lack standing; (3) The Claims are barred by the Statute of Limitations; (4) The Second Amended Complaint does not cure Original Plaintiffs' failure to sufficiently plead federal jurisdiction; and (5) There is no allegation that Defendant was a "person making the sale" under the under Fla. Stat.§ 517.211(1). The Court has already considered and rejected Defendant's arguments regarding standing, the statute of limitations, and federal jurisdiction in the **<u>June 19, 2012</u>** Order Denying Defendant's Motion to Dismiss the First Amended Complaint. Additionally, Plaintiffs do allege that Defendant was "the person making the sale" in the Second Amended Complaint. For these reasons, the Court DENIES Defendant's Motion to Dismiss.

## I. Background

This case has a winding history. It stems originally from a securities fraud case brought by the Securities and Exchange Commission against the Defendant and its partners, U.S. Pension Trust Corp. and U.S. College Trust Corp. (collectively "U.S. Pension.") U.S. Pension sold multi-security investment plans to more than 14,000 individuals who resided primarily in South America. The plans required investors to execute a trust agreement, and Defendant served as the trustee under the agreement. Regions was charged with aiding and abetting the sale of securities by an unregistered deal by the Securities and Exchange Commission in September 2009, and it entered into a consent agreement that same day. In 2010, U.S. Pension was found to have engaged in sale as an unregistered dealer in a trial before Judge Martinez.

In September 2011, the Original Plaintiffs, Aura Terese Cifuentes and Mirma Cifuentes, filed their one count Complaint as representatives of the estate of Guido Cifuentes, who died intestate. They moved to amend the complaint after admitting that, due to an incorrect reading of Columbian intestacy law, they were not the proper parties. The Court granted the motion to amend the Complaint through interlineation, and Laura Yelitza Cifuentes and Merle de las Mercedes Silva Castro became the Plaintiffs in the case. An Amended Class Action Complaint was filed on February 17, 2012, and Defendant moved to Dismiss the Complaint. The Court, after a hearing on the motion, denied Defendant's Motion to Dismiss on June 19, 2012.

On March 19, 2013, Plaintiffs again filed a Motion to Amend Complaint via Interlineation. The sole change Plaintiffs sought was to add Gerardo Carvajal as a Plaintiff, and amend two sentences in the First Amended Complaint as such. The Court granted this Motion on April 11, 2013. It also granted Defendant's Motion to amend Affirmative Defenses on that date. Defendant filed its

Motion to Dismiss the Second Amended Complaint **(D.E. No. 77)** on <u>**April 22, 2013**</u>. With respect to Plaintiffs Cifuentes and Castro, the Motion to Dismiss raises arguments the Court already rejected in its June 19, 2012 Order. The Court is not inclined to review that Order or its reasoning.

## II. Analysis

Because the Court has already been briefed, held arguments regarding, and rejected the majority of Defendant's arguments in its Motion to Dismiss, this Order will not rehash the rationale for doing so. The Court's reasoning remains the same. Thus, this Order will discuss solely (1) Defendant's arguments as to Plaintiff Carvajal's standing, and (2) Defendant's argument that the Complaint does not allege that Regions Bank was a "person making a sale" under Fla. Stat. § 517.211(1). Because the Court decides both questions against the Defendant, its Motion to Dismiss is denied.

### A. Gerardo Carvajal has Standing

Defendant argues that Plaintiff Carvajal has not sufficiently plead standing. Defendant argues that Carvajal has not alleged that he purchased a security from U.S. Pensions. This allegation is incorrect. Paragraph 13 of the Second Amended Complaint alleges that U.S. Pensions "generated more than $250 million in sales proceeds via the sale of securities to more than 14,000 individuals, including Plaintiffs and the Class..." The Second Amended Complaint identifies Gerardo Carvajal as a Plaintiff in its opening paragraph and again in paragraph three. While the Complaint does not specifically allege that Gerardo Carvajal purchased from U.S. Pensions, it does allege that all Plaintiffs purchased securities from U.S. Pensions, and that Gerardo Carvajal is a Plaintiff. Thus the Motion to Dismiss on the grounds that Carvajal has not sufficiently alleged standing is denied.

### B. The Complaint Alleges the Regions Bank was the Person Making the Sale

Defendant further argues that the Second Amended Complaint does not sufficiently allege that Regions Bank was a "person making the sale" as required for recovery under Fla. Stat. § 517.211(1). This argument likewise relies on a willfully selective reading of the Second Amended Complaint.

Fla. Stat. § 517.211(1) provides in relevant part that "[e]very sale made in violation of [s. 517.12(1)] may be rescinded at the election of the purchaser . . . Each person making the sale and every director, officer, partner, or agent of or for the seller, if the director, officer, partner, or agent has personally participated or aided in making the sale, is jointly and severally liable to the purchaser in an action for rescission . . ."

The Second Amended Complaint alleges in paragraph one that "[b]ased on its conduct and actions, Regions qualifies as a *"person making the sale"* of those securities as that term is used in Fla. Stat. § 517.211(1)." It claims that, pursuant to a master trust agreement with U.S. Pensions, Regions entered into "an individual Trust Agreement with, and thereby served as the Trustee for, each and every investor who invested funds in an Investment Plan from October 2001 through October 2010." It further charges that Defendant actively promoted and solicited investments and was "integrally involved in the marketing of the Investment Plans." It states that Regions' name and logo were used in marketing materials, that Regions had final approval over all marketing materials, that Regions trained U.S. Pension's employees "regarding the promotion and solicitation of investments," and that Regions employees, including Executive Vice President Filipe Larcada, both regularly met with U.S. Pensions to discuss marketing and sales strategies and actively participated

in presentations to prospective investors designed to encourage investment. Thus, Plaintiff has sufficiently alleged that Regions was a "person making the sale" under Fla. Stat. § 517.211(1).

Plaintiff's argument is that, by serving as a Trustee to "each and every" investor and by actively soliciting investors for the securities sold by non-registered dealer U.S. Pensions, Defendant was a "person making the sale." Defendant has cited no authority supporting its contention that Plaintiff did not sufficiently allege that it was a "person making the sale." Thus, Defendant's Motion to Dismiss is denied.

**IV. Conclusion**

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss **(D.E. No. 74)**, filed on **April 22, 2013**.

THE COURT has considered the motion, response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED. Plaintiffs properly allege that Defendant was "the person making the sale" in the Second Amended Complaint, and have properly plead Carvajal's standing. The Court has previously rejected all other arguments raised by Defendant.

DONE AND ORDERED in Chambers at Miami, Florida, this ⎭⎭day of October, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record